# IN THE UNITED STATES DISTRICT COURT OF
# THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| James BARNES and Philip WHITEHEAD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, <br><br> Defendant. | CASE NO. <br><br> CLASS ACTION COMPLAINT |

## COMPLAINT

On behalf of themselves and a class of similarly situated persons (the "Class," as defined below), plaintiffs James Barnes and Philip Whitehead, (collectively, "Plaintiffs"), bring this action against defendant Air Line Pilots Association, International ("ALPA" or "Defendant"), for unlawfully depriving them of millions of dollars of back pay in breach of the union's duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* For their complaint, Plaintiffs state as follows upon personal knowledge as to those matters pertaining to them individually and upon information and belief as to the remaining allegations:

## JURISDICTION AND VENUE

1.  This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 in that it arises under the laws of the United States and Acts of Congress regulating commerce, specifically the Railway Labor Act, 45 U.S.C. § 151 et seq.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendant resides, maintains offices, and does business in this judicial district and because a substantial part of the events giving rise to Plaintiffs' claims arose in this district.

## THE PARTIES

3. Plaintiff James Barnes is a citizen of the United States and a resident of Colorado. He is and has been a United pilot and dues-paying member of ALPA since 1985.

4. Plaintiff Philip Whitehead is a citizen of the United States and a resident of Colorado. He was a United pilot and dues-paying member of ALPA from 1989 until May of 2013, at which time he retired.

5. Defendant ALPA is a national labor union and was at all relevant times the certified collective bargaining representative under the Act for Plaintiffs and the members of the Class.

## PLAINTIFFS' FACTUAL ALLEGATIONS

6. For nine years, United Airlines' pilots worked under the collective bargaining agreement negotiated for them by ALPA in 2003. Although that agreement's term ended on the first day of 2010, the Railway Labor Act (the "Act") required the pilots to continue working as if that agreement were still in force until a new contract could be negotiated and put in place. (Under the Act, collective bargaining agreements do not expire or terminate; rather, they become "amendable.") Negotiation began in 2010 and lasted nearly three years.

7. In the interim, United Airlines merged with Continental Airlines to form United Continental Holdings ("United"). However, for the merged company's internal purposes and for all purposes relevant herein, the pilots of the two airlines have, to date, remained separate groups (referred to hereinafter as the "United Pilots" and the "Continental Pilots," respectively).[1] The

---

[1] Internally, United now refers to the two groups as "Legacy United Airlines pilots" (or L-UAL pilots) and "Legacy Continental Airlines pilots" (or L-CAL pilots).

Continental Pilots had also been working under a lapsed contract for several years. Finally, at the end of 2012, ALPA and United agreed on a new contract for both groups of pilots (the "2012 United Pilot Agreement" or the "2012 UPA").

8. As a final part of the negotiations, at the insistence of both groups of pilots generally, ALPA demanded that the 2012 UPA include retroactive – or "retro" – pay to compensate the pilots for what they had lost by operation of the delay in reaching the new agreement, during which time their salaries had been effectively frozen.

9. Indeed, the United Pilots had worked during those years with the understanding from ALPA that the union was negotiating for them, not only a new contract, but also the back pay necessary to put each of them in the financial position he or she would have occupied had the new contract (*i.e.,* the 2012 UPA) been consummated on January 1, 2010. This goal was commonly referred to during negotiations as "100% retro pay" for all of ALPA's United Pilots. Defendant engaged in a dialogue with the United Pilots during negotiations and acknowledged that although compromise would be necessary, the goal was to secure for each pilot as much as possible of what he or she would receive "[g]oing back to the amendable date with Date of Signing (DOS) rates."

10. United agreed to pay $400 million to settle ALPA's demand for retro pay and so to finalize the 2012 United Pilot Agreement. ALPA accepted the $400 million in order to provide as much of "100% retro pay" as possible to both groups of pilots. An intra-union arbitration divided the money between the two groups of pilots: $225 million for the United Pilots and $175 million for the Continental Pilots.

11. While the $225 million was far less than was needed to provide the some 6,000 United Pilots with "100% retro pay," the union was thus nonetheless duty bound by the basis upon which it sought and accepted the money to apportion that settlement amount according to each

pilot's *pro rata* share. Instead, however, ALPA acted arbitrarily and discriminatorily with regard to Plaintiffs and the members of their Class. In the partial payments of the retro pay that ALPA has made to date, it has irrationally departed from the distribution formula based upon the new pay rates in the 2012 UPA, manipulating it to the disadvantage of Plaintiffs' Class. ALPA has thus withheld from the members of the Class on average tens of thousands of dollars. ALPA has also announced its intention to make the further payments in accord with the same illegal scheme. ALPA's wrongful conduct has thus cost and threatened to further cost the Class, in the aggregate, several million dollars.

**ALPA's Denial of Retro Pay to James Barnes, Philip Whitehead, and the Class**

12. James Barnes and Philip Whitehead are or were United pilots for more than 20 years, including during the relevant time period alleged herein. Had ALPA allocated the retro pay according to the basis upon which the union sought and accepted the money from United, each of them would have been entitled to several tens of thousands of dollars. Instead, ALPA has scheduled each to receive a fraction of the amount to which he is properly entitled. On information and belief, some 250 United Pilots have been similarly deprived of some or all of their deserved retro pay. In every instance, these pilots were the victims of ALPA's discriminatory and arbitrary behavior.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. They seek to represent a class persons comprising all individuals who worked as United Pilots during any part of the period from January 1, 2010 through December 18, 2012 (the "Retro Pay Period") and who received or have been designated to receive less retro pay than their

4

*pro rata* share of the $225 million as determined by what they would have been paid had the 2012 United Pilot Agreement been in effect during the Retro Pay Period (the "Class").

14. The members of the Class are so numerous that joinder of all members is impracticable. After investigation by Plaintiffs' counsel, Plaintiffs reasonably believe that the Class comprises in excess of 250 members.

15. Common questions of law and fact exist as to the Class, and these common questions predominate over any questions affecting solely individual Class members.

16. Among the questions and issues of law and fact common to the members the Class are:

(A) the basis upon which ALPA sought and accepted from United the $400 million to settle its demand for 100% retro pay;

(B) whether ALPA was obligated to distribute the retro pay based on the pay provisions of the 2012 Contract;

(C) whether ALPA was obligated to distribute the retro pay based on the work performed by the members of the Class during the Retro Pay Period;

(D) whether ALPA properly had the discretion in allocating the retro pay to consider any factor other than the pay provisions of the 2012 Contract and the work performed by the members of the Class during the Retro Pay Period;

(E) whether ALPA breached its duty of fair representation to the members of the Class; and

(F) the appropriate relief for Plaintiffs and their Class on account of ALPA's breach of its duty of fair representation.

17. Plaintiffs' claims are typical of the claims of the members of their Class.

18. Plaintiffs will fairly and adequately protect the interests of the members of their Class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to any member of their Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and their Class.

19. Class certification is proper under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct for Defendant.

20. Class certification is proper under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure because the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to this adjudication and/or substantially impair their ability to protect these interests.

21. Class certification is proper under Rule 23(b)(2) of the Federal Rules of Civil Procedure because ALPA has acted, or refused to act, on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the Class.

22. Class certification is proper under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
## Breach of the Duty of Fair Representation

23. Plaintiffs James Barnes and Philip Whitehead reallege and incorporate by reference paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiffs Barnes and Whitehead assert herein a claim against ALPA for breach of its duty of fair representation to the Class under the Railway Labor Act. Under the Act, ALPA, as the exclusive bargaining agent of United's pilots, owes to the members of the Class a duty of fair representation.

25. ALPA has breached its duty of fair representation to the members of the Class by misallocating the retro pay in an irrational, arbitrary, and discriminatory manner that has deprived and threatens to continue depriving the members of the Class collectively of several million dollars to which they are entitled.

## COUNT II
## Unjust Enrichment

26. Plaintiffs James Barnes and Philip Whitehead reallege and incorporate by reference paragraphs 1 through 22 above as if fully set forth herein.

27. By improperly withholding from Plaintiffs and the members of the Class several million dollars of their retro pay, Defendant has been unjustly enriched by retaining a benefit to which they are entitled.

**WHEREFORE**, Plaintiffs James Barnes and Philip Whitehead request that the Court:

A. Award the members of the Class compensatory damages in an amount to be determined, including pre- and post-judgment interest;

B. Award the members of the Class their reasonable attorneys fee and costs of suit; and

C. Grant such other and further relief as is just and proper under the circumstances including, if appropriate, injunctive relief.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues triable by right by a jury herein.

Dated: August 30, 2013

                                                            Respectfully submitted,

                                                            /s/ Myron M. Cherry
                                                             One of Plaintiffs' Attorneys

Myron M. Cherry
Jacie C. Zolna
John M. Blim
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois   60602
(312) 372-2100
*Attorneys for Plaintiffs*