UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BISHOP and ERIC LISH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>Defendant. | 13 C 6243<br><br>Judge Gary Feinerman |

## ORDER

To the extent it was entered and continued [309], Defendant's motion to compel [303] is granted. Plaintiffs shall produce to Defendant the *in camera* documents, as well as any other unprivileged communications between or among named plaintiffs and putative class members, by 4/29/2019.

## STATEMENT

Plaintiffs assert the common interest privilege to justify their withholding from production communications between themselves or between/among themselves and putative class members. Two such documents (and perhaps the only such documents) have been submitted *in camera* for the court's review. Both are March 2017 emails sent by putative class member Ralph Casciano to Plaintiff David Bishop attaching analyses of the retro pay allocation. Plaintiffs declined the opportunity to file a responsive brief. When asked on the record for authority to support their withholding these documents from production, Plaintiffs cited only one case, *United States v. BDO Seidman, LLP*, 492 F.3d 806 (7th Cir. 2007).

*BDO Seidman* holds that the common interest privilege is not a separate privilege, but rather "an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person." *Id*. at 815. "In effect, the common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances." *Ibid*. So understood, the doctrine does not protect the two *in camera* documents. Although the documents are emails (each with an attachment) between two individuals sharing a common legal interest—one named plaintiff and one putative class member—on their face they are not communications to or from an attorney, and Plaintiffs submit no evidence or argument that the emails, despite being from one non-lawyer to another, were in fact communicated to an attorney for the purpose of obtaining legal advice or reflected an attorney's thinking. Accordingly, the documents are not protected from disclosure and must be produced. *See ibid*. (noting that the attorney-client privilege applies only to communications to and from an attorney); *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997) ("The 'common interest' or 'joint defense' doctrine generally allows a defendant to assert the attorney-

client privilege to protect his statements made in confidence … *to an attorney* for a co-defendant for a common purpose related to the defense of both. The same general rule … protects communications by a client *to his own lawyer* …when *the lawyer* subsequently shares them with co-defendants for purposes of a common defense.") (emphasis added); *United States v. Keplinger*, 776 F.2d 678, 701 (7th Cir. 1985) ("[T]he 'joint defense' doctrine … generally allows a defendant to assert the attorney-client privilege to protect his statements made in confidence … *to an attorney* for a co-defendant for a common purpose related to the defense of both.") (emphasis added).

April 22, 2019

United States District Judge