UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BISHOP and ERIC LISH, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, | ) ) ) ) |
| Defendant. | ) |

13 C 6243

Judge Gary Feinerman

**MEMORANDUM OPINION AND ORDER**

Five United Airlines pilots brought this putative class action against Air Line Pilots Association, International ("ALPA"), alleging that it breached its duty of fair representation under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, by unfairly allocating $225 million in retroactive pay among different pilot groups. Doc. 29. Plaintiffs moved to certify two subclasses, one for management pilots and the other for pilot instructors, Doc. 47, and ALPA moved under Civil Rule 12(c) for judgment on the pleadings, Doc. 132. As to the management pilots, the court denied ALPA's Rule 12(c) motion and granted Plaintiffs' class certification motion, but as to the pilot instructors, the court granted ALPA's motion and denied Plaintiffs' motion as moot. Docs. 188-191 (reported at 141 F. Supp. 3d 836 (N.D. Ill. 2015)). The management pilots settled, and the court entered judgment against the two pilot instructor plaintiffs, David Bishop and Eric Lish, on February 9, 2017. Doc. 249-250.

Bishop and Lish appealed, and the Seventh Circuit reversed and remanded, 900 F.3d 388 (7th Cir. 2018), with the mandate issuing on September 4, 2018, Docs. 269-270. ALPA now moves to strike the complaint's pilot instructor class allegations on the ground that the statute of

1

limitations for the absent class members' claims expired while the case was on appeal, Doc. 286, and Bishop and Lish renew their motion for certification of a pilot instructor class, Doc. 290. ALPA's motion is denied, and Plaintiffs' motion is granted.

**Background**

"Unlike a motion under Federal Rule of Civil Procedure 12(b)(6), a motion to certify a class under Rule 23(c) is not one for which the court may simply assume the truth of the matters as asserted by the plaintiff. Instead, if there are material factual disputes, the court must receive evidence and resolve the disputes before deciding whether to certify the class." *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017) (citation, alterations, and internal quotation marks omitted). "In conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012).

This court's and the Seventh Circuit's prior opinions set forth in detail the factual backdrop of this case, so only a summary is offered here. In December 2012, after more than two years of negotiations, ALPA, a national labor union and the certified collective bargaining representative for Continental Airlines and United Airlines pilots, reached an agreement with United Continental Holdings, Inc. to modify its pilot members' employment contracts. Doc. 29 at ¶¶ 1, 9. United Continental agreed to compensate the pilots with $400 million in retroactive pay to account for the pay raises they would have received had the negotiations concluded sooner. *Id*. at ¶¶ 2, 14-15. An arbitrator allocated $225 million to the United pilots, and ALPA devised a formula to allocate the $225 million among the various United pilot groups, including the pilot instructors and line pilots. *Id*. at ¶¶ 2, 16, 18-21. Bishop and Lish allege that ALPA

unfairly favored the line pilots and disfavored the pilot instructors, thereby breaching its RLA duty of fair representation to the pilot instructors. *Id.* at ¶¶ 76-80.

## Discussion

I. **ALPA's Motion to Strike the Pilot Instructor Class Allegations**

ALPA moves to strike the complaint's pilot instructor class allegations on the ground that the absent class members' claims are time-barred. Doc. 286. ALPA reasons that: (1) tolling of the absent class members' claims under *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), ended on February 9, 2017, when this court entered judgment against Bishop and Lish; (2) the six-month statute of limitations for duty of fair representation claims, *see United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 563 F.3d 257, 269 (7th Cir. 2009), expired before the Seventh Circuit reversed this court's judgment; (3) therefore, the unnamed class members' claims are time-barred. Doc. 287 at 5-15.

The problem with ALPA's argument is that it loses sight of what a statute of limitations is and when tolling matters. A statute of limitations "establish[es] a time limit for suing in a civil case." *Statute of Limitations*, Black's Law Dictionary (10th ed. 2014). "[T]olling doctrines" mitigate unfair or undesirable results of a statute of limitations by "enabl[ing] a plaintiff to extend [it] in exigent circumstances." *Travelers Cas. & Sur. Co. of Am. v. Nw. Mut. Life Ins. Co.*, 480 F.3d 499, 504 (7th Cir. 2007). Tolling plays no role when a plaintiff satisfies the statute of limitations by timely filing within the required limitations period: She has met the deadline, and thus need not show that she deserves an extension via some tolling doctrine.

*American Pipe* establishes the framework for applying statutes of limitations and tolling in putative class actions. The Court held that the timely filing of a putative class action does two

things. First, it *satisfies* the statute of limitations for bona fide members of the class who choose to prosecute their claims as class members. As the Court explained:

> Under [the 1966 amendment to] Rule 23, … the difficulties and potential for unfairness which, [under the pre-1966 version of Rule 23], convinced some courts to require individualized satisfaction of the statute of limitations by each member of the class, have been eliminated, and there remain no conceptual or practical obstacles in the path of holding that *the filing of a timely class action complaint commences the action for all members of the class as subsequently determined*.[20] Whatever the merit in the conclusion that one seeking to join a class after the running of the statutory period asserts a 'separate cause of action' which must individually meet the timeliness requirements, such a concept is simply inconsistent with Rule 23 as presently drafted. A federal class action is no longer an invitation to joinder but a truly representative suit … .

*Am. Pipe*, 414 U.S. at 549 (internal quotation marks and citations omitted). To support this proposition, the Court cited *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968), *see Am. Pipe*, 414 U.S. at 549 n.20, where, in reversing the district court's denial of class certification, the Tenth Circuit held that "the rights of all class members" for statute of limitations purposes "are to be determined as if the class action had been allowed instead of being incorrectly terminated below," and therefore that "the status of class members is to be determined by *relation back to the date of the initiation of this suit* … ." *Esplin*, 402 F.2d at 101 & n.14.

Thus, *American Pipe* teaches that the filing of a class action within the limitations period satisfies the statute of limitations for all persons who are "subsequently determined" to be class members, *Am. Pipe*, 414 U.S. at 549, even if that determination is made after a successful appeal, *see Esplin*, 402 F.2d at 101 n.14. It necessarily follows that members of a class that is certified at some point during the litigation need not rely on tolling to satisfy the statute of limitations where, as here, the suit was timely filed. *See In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 145-46 (S.D.N.Y. 2019) ("Upon certification of the class, the claims of the class members are deemed to have been asserted on the date that the individual plaintiff commenced the action. …

4

[T]he timeliness of an absent class member's claim is measured from the date that the class representative filed suit, rather than, for example, the date of the Court's certification order … . An absent class member's claims are deemed to have been asserted on the date the class representative filed the action. This is a traditional judicial determination of when a claim is interposed by a person and not the application of any tolling doctrine.").

Unlike the absent class members here, the plaintiffs in *American Pipe* did not seek to continue as absent class members in a timely filed class action; rather, they tried to intervene as individual plaintiffs in a failed class action. *Am. Pipe*, 414 U.S. at 543-44. Yet by the time they moved to intervene, the statute of limitations on their claims (setting aside tolling) had expired. *Id*. at 544. The Court recognized that if their claims were held time-barred, future absent class members might fear that the statute of limitations would run on their claims before they learned that they could not prosecute those claims in the class action, incentivizing them to file superfluous protective suits and thereby undermining the policy behind Rule 23. *Id*. at 553-54. The Court therefore held that the timely filing of a putative class action lawsuit does a second thing: It *tolls* the limitations period for absent class members to intervene as individual plaintiffs if class action status is denied. *Id*. at 553 ("[T]he commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (recalling *American Pipe*'s holding "that the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint," meaning that "[w]here class-action status has been denied, … members of the failed class could timely intervene as *individual plaintiffs* in the still-pending action, shorn of its class character.") (emphasis added). Thus, the *American Pipe* tolling doctrine

benefits persons prosecuting their claims in their individual capacities—either as intervenors in the failed class suit or as plaintiffs in a new suit—rather than as absent members of the class, and therefore for whom the timely filing of a class action does not satisfy the statute of limitations. *See Am. Pipe*, 414 U.S. at 550-54; *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) (applying *American Pipe* tolling to plaintiffs who file their own individual lawsuits).

In *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), the Supreme Court confirmed that the distinction between putative class members' attempts to prosecute their claims as individuals—where the statute of limitations must be separately satisfied and tolling may make a difference—and their continued participation as absent class members in a timely filed putative class action—where the timely filing of the class complaint satisfies the statute of limitations for any persons ultimately determined to be class members and to which tolling is irrelevant—continues to apply after a lower court determines that a suit may not proceed as a class action. After the named plaintiffs in that case declined to appeal the district court's denial of class certification, putative class member Liane McDonald attempted to intervene in order to appeal that ruling. *Id*. at 392. The defendant argued that McDonald's claims were time-barred because, while the statute of limitations was at most 180 days, three years had elapsed between the time that the district court denied class certification (which halted *American Pipe* tolling and re-started the limitations clock) and the time McDonald attempted to intervene. *Id*. at 391-92 & n.11.

The Court acknowledged that the defendant's argument might have carried the day if McDonald "had sought to intervene in order to join the named plaintiffs in litigating her *individual* claim … , for she then would have occupied the same position as the intervenors in *American Pipe*." *Id*. at 392 (emphasis added). But because McDonald sought to intervene for

the limited purpose of appealing the order denying class certification, the Court determined that she was acting in her capacity as an absent member of the putative class, and therefore that the timely filed class complaint would satisfy the statute of limitations as to her claims if she prevailed on appeal.  The Court reasoned: "Success in [appellate] review would result in the certification of [the original] class, the named members of which had complied with the statute of limitations; [McDonald] is a member of that class against whom the statute had not run at the time the [original] class action was commenced." *Ibid*.  As the Court explained, that the district court denied class certification—an event that ended tolling under *American Pipe*, 414 U.S. at 561—did not impact whether McDonald satisfied the statute of limitations:

> To be sure, the case was stripped of its character as a class action upon denial of certification by the District Court.  But it does not follow that the case must be treated as if there never was an action brought on behalf of absent class members.  The District Court's refusal to certify was subject to appellate review after final judgment at the behest of the named plaintiffs, as [the defendant] concedes.

*McDonald*, 432 U.S. at 393 (internal quotation marks, citations, and alterations omitted); *see also Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989) ("When an appellate court overturns a district court's denial of class certification, the date of original filing, rather than the date of eventual certification, is used to determine whether the claims of potential class members are time-barred.  Were this rule not to apply, appeals of certification would most often be meaningless.") (citation omitted); *Gelman v. Westinghouse Elec. Corp.*, 556 F.2d 699, 701 (3d Cir. 1977) ("[W]hen an appellate court reverses a district court denial of class certification the status of the class members is to be determined by relation back to the date of the initiation of the suit.") (citing *Esplin* and *McDonald*); 3B James Wm. Moore & John E. Kennedy, Federal Practice and Procedure ¶ 23.90(3) (2d ed. 1991) ("[W]here the district court rules that a (b)(3) class action cannot be … maintained, but on the representative's appeal from a

final judgment the district court's ruling is reversed, the status of class members is to be determined as of the time the suit was instituted.").

Here, no absent member of the putative pilot instructor class has attempted to intervene or to file her own individual suit or class action. Rather, all absent class members have continued to prosecute their claims as part of this timely filed class action suit. If the pilot instructor class is certified, that timely filing will satisfy the statute of limitations for the absent class members' claims. In that event, it will not matter whether any absent class member can demonstrate that her claims were tolled, for tolling is irrelevant where, as here, the suit was timely filed. It is therefore inappropriate to strike the class allegations on limitations grounds.

The cases ALPA cites for the opposite conclusion are inapposite: In each, the plaintiff or plaintiffs did not continue to prosecute their claims as absent members of a putative class in a timely filed class complaint, but instead attempted to intervene, file a separate suit, or amend the complaint in a way that resulted in their claims no longer relating back to the original, timely filed class suit. *See Collins v. Vill. of Palatine*, 875 F.3d 839, 844 (7th Cir. 2017) (separate lawsuit); *Lewis v. City of Chicago*, 702 F.3d 958, 961 (7th Cir. 2012) (intervention); *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006) (separate lawsuit); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998) (separate lawsuit); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107-08 (2d Cir. 2013) (separate lawsuit); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 211 (4th Cir. 2006) (amended complaint substituting all named plaintiffs with different named plaintiffs, which the court treated as intervention); *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355 (Fed. Cir. 2000) (separate lawsuit); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1388 (11th Cir. 1998) (separate lawsuit); *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1013 (3d Cir. 1995) (intervention and amended

complaint that did not relate back to an earlier, timely filed complaint). Indeed, ALPA has not identified a single case where a pre-certification merits dismissal or denial of class certification was reversed on appeal, absent members of the putative class chose to continue with the class action rather than intervening or filing their own suits, and their claims were held time-barred because there was no tolling on appeal.

ALPA's best case is *Lee v. ITT Corp.*, 662 F. App'x 535 (9th Cir. 2016), where the Ninth Circuit held that absent class members' claims were *not* time-barred but, in so doing, "appl[ied] the tolling principles of [*American Pipe*] to determine if the class claims had expired" during a successful appeal of a district court order denying class certification. *Id*. at 536. *Lee* is an out-of-circuit, non-precedential order with no value beyond its ability to persuade. *See Barrett v. Ill. Dep't of Corr.*, 803 F.3d 893, 896 n.1 (7th Cir. 2015) (declining to follow "thinly reasoned" "out-of-circuit caselaw"); *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("Nothing the eighth circuit decides is 'binding' on district courts outside its territory. Opinions 'bind' only within a vertical hierarchy. A district court in Wisconsin must follow [the Seventh Circuit's] decisions, but it owes no more than respectful consideration to the views of other circuits."); *Williams v. Gaye*, 895 F.3d 1106, 1135 (9th Cir. 2018) ("question[ing]" whether "citations to unpublished [Ninth Circuit] dispositions … carr[ied] any weight"). *Lee* has no persuasive value with respect to the matter at hand, as the Ninth Circuit assumed, without analysis, that *American Pipe* applied to the facts before it. *See Brokaw v. Weaver*, 305 F.3d 660, 666 (7th Cir. 2002) (declining to adopt the Eleventh Circuit's approach where it addressed the issue "in a conclusory manner, providing no analysis"); *Matter of Voelker*, 42 F.3d 1050, 1052 n.2 (7th Cir. 1994) (agreeing with the district court that the cases the appellant cited were unpersuasive because they

included "no analysis of [the] issue" on appeal or their analysis "consist[ed] only of [one] sentence").

ALPA argues that the distinction between proceeding as an absent class member in an original suit and filing a separate suit makes no difference because litigants must individually satisfy the statute of limitations whether they seek to raise their claims in an original suit, as by intervening, *see, e.g.*, *Lewis*, 702 F.3d at 961, or in a new lawsuit, *see, e.g.*, *Collins*, 875 F.3d at 844. Doc. 293 at 6-11. ALPA misunderstands the pertinent distinction. The key question here is not whether a person asserts her claims in the original suit or files a separate suit. The question, rather, is whether she has continued to prosecute her claims as an absent member of the class, in which case the timely filing of the original class suit satisfies the statute of limitations, or has chosen instead to prosecute her claims as an individual plaintiff by intervening in the original suit or by filing a new suit, in which case the statute of limitations must be separately satisfied.

In sum, under governing precedent, if the court certifies a pilot instructor class, the timely filing of the class complaint will satisfy the statute of limitations for the absent class members. Accordingly, ALPA's motion to strike the complaint's pilot instructor class allegations on limitations grounds is denied.

## II.    Plaintiffs' Motion to Certify a Pilot Instructor Class

ALPA opposes Plaintiffs' motion to certify a pilot instructor class on the sole ground that all absent class members' claims are time-barred, thereby reducing the number of putative class members to two (Bishop and Lish)—far too few to satisfy Rule 23(a)(1)'s numerosity requirement. Doc. 293. As explained above, the absent class members' claims are not time-barred, so ALPA's argument fails. The analysis does not end there, however, because "Rule

23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's [forfeiture]." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003); *see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("[A] court has an independent obligation to decide whether an action brought on a class basis is to be so maintained … .") (internal quotation marks omitted). The court will therefore conduct an independent evaluation to determine whether the putative pilot instructor class satisfies Rule 23.

A court's analysis of class certification "is not free-form, but rather has been carefully scripted by the Federal Rules of Civil Procedure." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ. of Chi.*, 797 F.3d 426, 433 (7th Cir. 2015). To be certified, a proposed class must satisfy the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). If Rule 23(a) is satisfied, the proposed class must fall within one of the three categories in Rule 23(b), which the Seventh Circuit has described as: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011); *see also Bell*, 800 F.3d at 373. Finally, the class must be "identifiable as a class," meaning that the "class definitions must be definite

enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *see also Mullins v. Direct Dig., LLC*, 795 F.3d 654, 659-61 (7th Cir. 2015).

Plaintiffs bear the burden of showing that each requirement is satisfied. *See Priddy*, 870 F.3d at 660; *Chi. Teachers Union*, 797 F.3d at 433; *Messner*, 669 F.3d at 811. As the Seventh Circuit has explained, "a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010); *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 & n.6 (7th Cir. 2011). The Seventh Circuit has instructed district courts to exercise "caution" before certifying a class. *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008).

### A.     Rule 23(a)

Although no magic number exists for satisfying Rule 23(a)(1) numerosity, the Seventh Circuit has held that "[e]ven if the class were limited to 40 [members] … that is a sufficiently large group to satisfy Rule 23(a) where the individual members of the class are widely scattered and their holdings are generally too small to warrant undertaking individual actions." *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 n.5 (3d Cir. 2013) ("While no minimum number of plaintiffs is required to maintain a suit as a class action … generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.") (internal quotation marks and brackets omitted). The approximately 110-member proposed class meets the numerosity requirement. Doc. 290-1 at 64.

Rule 23(a)(2) commonality "requires the plaintiff to demonstrate that the class members have suffered the same injury" and that "[t]heir claims … depend upon a common contention … of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotation marks omitted); *see also Chi. Teachers Union*, 797 F.3d at 434. "Rule 23(a)(2) does not demand that every member of the class have an identical claim," and some degree of factual variation will not defeat commonality provided that common questions yielding common answers can be identified. *Spano*, 633 F.3d at 585; *see also Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992). Here, each pilot instructor class member alleges roughly the same injury: being deprived of her rightful share of $225 million in retroactive pay. Doc. 29 at ¶¶ 3, 80. The claims of all class members depend on the resolution of key common questions, including whether ALPA acted arbitrarily, discriminatorily, or in bad faith as to the pilot instructors in deciding how to allocate the $225 million in retroactive pay among the various pilot groups, as well as how to calculate damages resulting from any breach of ALPA's duty of fair representation. Doc. 29 at ¶¶ 40-52, 76-80.

Rule 23(a)(3) typicality is satisfied where the named plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (alterations and internal quotation marks omitted). Typicality "should be determined with reference to the [defendant's] actions, not with respect to particularized defenses it might have against certain class members." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) ("*CE Design I*"). All putative class members are United pilot

instructors who challenge ALPA's method of apportioning the same $225 million settlement and seek to recover on the same duty of fair representation legal theory. Doc. 29 at ¶¶ 16-21, 40-52, 76-80. Bishop's and Lish's claims share these characteristics and are thus typical of the class. *Id*. at ¶¶ 7-8.

Rule 23(a)(4) adequacy has two facets: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The claims of Bishop and Lish are not "antagonistic or conflicting" with those of the absent class members, *Rosario*, 963 F.2d at 1018, and they are not subject to a defense not applicable to the class as a whole, *see CE Design I*, 637 F.3d at 726; *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). It follows that Bishop and Lish are adequate class representatives. Class counsel are adequate in that they are experienced in class actions in general and duty of fair representation suits in particular. Doc. 290 at 11-12; Doc. 290-1 at 94-99.

**B.     Rule 23(b)(3)**

Although a putative class may satisfy any of the three Rule 23(b) categories, "[w]hen substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3)." *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999). A proposed class satisfies Rule 23(b)(3) if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and … a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Pertinent factors include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning

the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Ibid.* "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Predominance is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016) (alterations and internal quotation marks omitted).

The common questions noted above are the main questions in this case, they can be resolved on a classwide basis without any individual variation, and they predominate over any individual issues. Although class members seek varying amounts of damages, Plaintiffs submit that all damages can be calculated by modifying ALPA's original retroactive pay allocation formula and mechanically applying the new formula, obviating the need for individual inquiries. Doc. 290 at 15 n.4; Doc. 290-1 at 108-09. The proposed class therefore satisfies Rule 23(b)(3). *See In re IKO Roofing Shingle Prod. Liab. Litig.*, 757 F.3d 599, 601-03 (7th Cir. 2014) (holding that Rule 23(b)(3) does not require "commonality of damages").

C. **Ascertainability**

As noted, a class definition "must be definite enough that the class can be ascertained." *Oshana*, 472 F.3d at 513; *see also Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 495-97 (7th Cir. 2012); 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1760 (3d ed. 2005) ("[T]he requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."). "Class definitions have failed this requirement when they

15

were too vague or subjective, or when class membership was defined in terms of success on the merits (so-called 'fail-safe' classes)." *Mullins*, 795 F.3d at 657. The proposed class definition is: "[A]ll United pilots who, during any part of the period from January 1, 2010 through December 18, 2012, worked as a United pilot instructor." Doc. 29 at ¶ 54; *see also* Doc. 47 at 7. This proposed class is easily ascertainable because it is based on clear, objective criteria—all persons who held a particular position (pilot instructor) at a specific company (United Airlines) at any point during a defined period (January 1, 2010 through December 18, 2012).

In sum, because the proposed pilot instructor class satisfies Rules 23(a) and 23(b)(3) and is ascertainable, class certification is appropriate.

## Conclusion

ALPA's motion to strike class allegations is denied. Plaintiffs' motion for class certification is granted. "An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B); *see Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) ("[T]he obligation to define the class falls on the [district] judge's shoulders under [Rule 23(c)(1)(B)]."). The class is defined as: "All United pilots who, during any part of the period from January 1, 2010 through December 18, 2012, worked as a United pilot instructor." The claim to be tried is whether ALPA breached its duty of fair representation to the pilot instructors in its allocation of the $225 million of retroactive pay provided to United pilots. Bishop and Lish are appointed as class representatives. Pursuant to Rule 23(g), Myron M. Cherry and Jacie C. Zolna of Myron M. Cherry & Associates, LLC, are appointed as class counsel. The parties shall confer regarding

class notice and shall file a status report with their joint proposal or competing proposals by June 12, 2019.

May 29, 2019

_____
United States District Judge